NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARTHUR M. HALVAJIAN, | ) |
| Plaintiff, | ) |
| –v.– | ) Civil Action No. 03-5880 (HAA) |
| ROBERT S. HILLMAN, | ) **OPINION AND ORDER** |
| Defendant. | ) |

Arthur M. Halvajian
11 Eugene Drive
Saddle River, New Jersey 07458
*Pro se*

Robert S. Hillman
Sofitel Hotel
505 Nanjing Road
Shanghai, China
*Pro se*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on the Report and Recommendation of now-retired Magistrate Judge G. Donald Haneke, recommending the entry of a default judgment in favor of Plaintiff Arthur M. Halvajian ("Plaintiff") and against Defendant Robert S. Hillman ("Defendant"). For the following reasons, the Court will ADOPT Magistrate Judge Haneke's Report and Recommendation, and will GRANT default judgment in favor of Plaintiff pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

**I.     BACKGROUND**

This action has its roots in a business relationship between Plaintiff and Defendant in the early 1990s.  On March 11, 1992, Defendant allegedly informed Plaintiff by way of a letter agreement that Defendant had sold Plaintiff's interest in Defendant's company for $88,000.  According to Plaintiff, Defendant never compensated Plaintiff for this divestiture and therefore owes Plaintiff "at least" $88,000.  Plaintiff brought the instant action on December 9, 2003 to collect on monies allegedly owed, plus additional damages.  Count I of the Complaint seeks judgment in the amount of $88,000 for the alleged sale of Plaintiff's interest in Defendant's company.  Count II alleges fraud on the part of Defendant and seeks unspecified damages.

On April 16, 2004, Defendant, who resides in China, "answered" by filing a letter with the Court denying any wrongdoing and expressing his "hope" that he would not again be bothered with these proceedings.  Then-Magistrate Judge Haneke held a pretrial scheduling conference on May 17, 2004, but Defendant did not attend despite having received proper notice.  Magistrate Judge Haneke then entered a Scheduling Order on May 24, 2004, specifying a discovery schedule and referring the case to arbitration.  As noted in Magistrate Judge Haneke's Report and Recommendation, Defendant apparently did not participate in discovery or arbitration.

On March 2, 2005, the arbitrator issued an award.  Although the rules of this Court preclude the Court from reviewing the arbitrator's award, the docket reflects that Plaintiff filed a notice of demand for trial *de novo* on March 30, 2005.  Plaintiff contended that the arbitrator failed to recognize that a sum of $492,500 had been paid to Defendant, as reflected in a note between Defendant and Plaintiff.

Magistrate Judge Haneke held a final pretrial conference on May 19, 2005. Once again, both parties received proper notice; once again, Defendant failed to appear. On August 26, 2005, Magistrate Judge Haneke issued a Report and Recommendation in which he noted that Defendant "has personally demonstrated a total indifference to the Court's order [sic] and proceedings." (Report & Recommendation 2.) Opining that "I fail to see what remedies, such as financial sanctions or awards of counsel fees, would likely produce a sudden burst of cooperation by the Defendant" (*id.*), Magistrate Judge Haneke recommended that this Court grant a default judgment in favor of Plaintiff.

On November 11, 2005, the Clerk's Office sent a copy of the Report and Recommendation by certified mail to Defendant at his last known address at the Sofitel Hotel in Shanghai, China. Although the Court has never received a return receipt from Defendant, neither has Defendant informed the Court of a change of address. More than ten days have elapsed, and Defendant has not filed any written objections to the Report and Recommendation. The Court now considers whether to adopt Magistrate Judge Haneke's Report and Recommendation.

II.   ANALYSIS

   A.   **Subject Matter Jurisdiction**

Before discussing Magistrate Judge Haneke's Report and Recommendation, the Court shall briefly address subject matter jurisdiction. The Complaint asserted diversity jurisdiction arising from the fact that at the time this action was initiated, Plaintiff was a resident of New Jersey and Defendant was "an American citizen who resides in the People's Republic of China." (Compl. ¶ 2.) In pleading its fraud count, the Complaint also suggested that Defendant may have been a resident of New York when he last resided in the United States. This Court requested

supplemental briefing to determine whether the parties were truly diverse.

On March 24, 2006, Plaintiff filed his supplemental brief. The brief indicates that before relocating to China around the time that this action was filed, Defendant resided at an address on East 72nd Street in New York, New York. Having reviewed Plaintiff's supplemental brief, the Court is satisfied that the parties are diverse, and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The Court will now consider Magistrate Judge Haneke's Report and Recommendation.

### B.     Report and Recommendation

Federal Rule of Civil Procedure 72(b) vests a United States magistrate judge with authority to hear a pretrial matter dispositive of a party's claim or defense and to enter a recommendation for disposition of the matter. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). Any party objecting to the recommended disposition of the matter may serve and file specific, written objections within ten days of being served with the magistrate judge's recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2). Thereafter, the district judge "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2).

Although no dispositive motion was before Magistrate Judge Haneke when he issued his Report and Recommendation, the sanction of a default judgment is clearly dispositive of Plaintiff's claims. Therefore, the Court will treat this matter as dispositive, and will afford Defendant the benefit of *de novo* review. *See, e.g.*, *Estates of Ungar & Ungar ex rel. Strachman v. Palestinian Auth.*, 325 F. Supp. 2d 15, 22 (D.R.I. 2004) (exercising *de novo* review of

magistrate judge's recommendation in favor of granting default judgment); *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 n.1 (S.D.N.Y. 2002) (stating that *de novo* review is required of that portion of magistrate judge's report and recommendation that is case dispositive). By exercising *de novo* review, the Court extends to Defendant the same standard of review to which he would be entitled had he filed specific, written objections to the Report and Recommendation. *Zinberg v. Wash. Bancorp, Inc.*, 138 F.R.D. 397, 401 (D.N.J. 1990).

Rule 55 of the Federal Rules of Civil Procedure sets forth the procedure for the entry of a default and the grant of a default judgment. By its express terms, the Rule contemplates entry of a default when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After a default has been entered, the clerk of the court may enter default judgment if the plaintiff's claim is for a sum certain; otherwise, the court may enter default judgment upon application of the non-defaulting party. Fed. R. Civ. P. 55(b). Where the defaulting party has appeared in the action, that party is entitled to receive three days' written notice of the application for judgment before the court may grant default judgment. Fed. R. Civ. P. 55(b)(2).

A district court may enter a default as a sanction. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 n.11 (3d Cir. 1992). It is also well established that a district court has discretion to enter a default judgment when a party has failed to plead or otherwise defend in an action. *D.B. v. Bloom*, 896 F. Supp. 166, 169-70 (D.N.J. 1995). The Third Circuit has held that Rule 55 of the Federal Rules of Civil Procedure authorizes a district court to enter a default judgment against a defendant who filed an answer but who subsequently failed to appear at trial. *Hoxworth*, 980 F.2d at 918. This principle, the Third Circuit has noted, also permits a district court to "impose[] a default judgment against the defendants for failure to comply with its own

unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests." *Id.*

A district court may also impose default judgment as a sanction under Rule 37 of the Federal Rules of Civil Procedure for failure to make disclosure or cooperate in discovery.  When a party has failed to comply with court-ordered discovery, Rule 37(b)(2)(C) invests the court with authority to sanction the recalcitrant party by, *inter alia*, "rendering a judgment by default against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(C); *see also, e.g.*, *Hoxworth*, 980 F.2d at 919.

Rule 16(f) of the Federal Rules of Civil Procedure provides a district court with authority to sanction a recalcitrant party for failure to obey a scheduling or pretrial order.  For instance, a party's failure to attend a court-ordered conference may warrant sanctions under Rule 16(f).  *See, e.g.*, *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990).  This Rule incorporates by reference the sanctions under Rule 37(b)(2)(C).  Thus, the sanction of default judgment is available under Rule 16(f).  *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 154 n.2 (3d Cir. 1997).  Unlike Rule 37(b)(2)(C), Rule 16(f) permits a district court to impose the sanction of default judgment *sua sponte*.  Fed. R. Civ. P. 16(f) (providing that sanctions may issue "upon motion or the judge's own initiative"); *see also Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) ("Rule 16 may be imposed by a court *sua sponte* while Rule 37 requires that the aggrieved party move for sanctions.").

This Court may enter a default judgment against Defendant either pursuant to Rule 55 or Rule 16(f).  Because Defendant's failure to comply with discovery implicates Rule 16(f) through that Rule's incorporation of Rule 37(b)(2)(C), and because Defendant's failure to attend pretrial conferences also implicates Rule 16(f), the Court finds that Rule 16(f) is the logical basis for

6

sanctions. Furthermore, absolute compliance with the three-day notice requirement of Rule 55(b)(2) may be frustrated if, indeed, Defendant no longer resides at his last-known residence at the Sofitel Hotel in Shanghai, China. Accordingly, the Court shall consider the sanction of entering default judgment against Defendant pursuant to Rule 16(f).

This Circuit has set forth factors to guide the discretion of a district court faced with issuing an order that would deprive a litigant of the right to proceed with or defend against a claim. In *Poulis v. State Farm and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit instructed district courts to consider

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

The Third Circuit has applied this general framework to the grant of default judgment by district courts. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990).

The first *Poulis* factor requires the Court to examine the degree of Defendant's personal responsibility for the conduct that has led the Court to consider the sanction of default judgment. Defendant's April 16, 2004 letter leaves no doubt that Defendant personally had notice of this action, yet the docket reveals that Defendant never saw fit to retain counsel or otherwise defend his interests. Indeed, Defendant's involvement in this litigation is limited to a single letter in which he personally announced his intention to ignore the Court's proceedings. Under such circumstances, the Court finds that Defendant bears a high degree of personal responsibility for the predicament in which he now finds himself.

With respect to the second *Poulis* factor, the Court is unaware of any particular prejudice that Plaintiff has suffered as a result of Defendant's non-participation in this action. The Court notes, however, that Plaintiff and his counsel have appeared for Court-ordered hearings and have complied with all Court deadlines. Thus, it is safe to surmise that Plaintiff has expended both time and money to comply in good faith with the orders of this Court, even when Defendant has not done likewise.

Defendant has exhibited an unmitigated history of dilatoriness. In spite of having received proper notice from the Court, Defendant failed to attend a Rule 16 conference before Magistrate Judge Haneke on May 17, 2004. Defendant also failed to adhere to the deadlines set forth in Magistrate Judge Haneke's May 24, 2004 Scheduling Order, or otherwise participate in discovery or arbitration. Defendant further failed to appear at the May 19, 2005 final pretrial conference, despite having received proper notice from the Court. Finally, Defendant filed no specific, written objections to Magistrate Judge Haneke's Report and Recommendation. Thus, the third *Poulis* factor weighs heavily in Plaintiff's favor.

The fourth *Poulis* factor also favors Plaintiff. The tenor of Defendant's April 16, 2004 letter to the Court, coupled with Defendant's noncompliance with Court orders despite having received proper notice, leads the Court to conclude that such noncompliance was willful and in bad faith.

With respect to the fifth *Poulis* factor, Magistrate Judge Haneke found that "I fail to see what remedies, such as financial sanctions or awards of counsel fees, would likely produce a sudden burst of cooperation by the Defendant." (Report & Recommendation 2.) This Court agrees. Defendant has failed to participate in this action in any meaningful way. He has not

retained counsel, and he is unresponsive to any communication from the Court, up to and including Magistrate Judge Haneke's recommendation that a default judgment be granted against him.  Where the clear threat of default judgment has failed to spur Defendant to action, this Court believes that the threat of lesser sanctions, such as an award of attorneys fees, would fare no better.  *See Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 36 (D.D.C. 2004) ("In those cases where a court orders a dismissal or enters a default judgment, the disobedient party typically has engaged in a pattern of noncompliance with court orders so that no lesser sanction is warranted.  Accordingly, courts have granted default judgment when parties have not complied with court orders or have missed hearings." (internal citations omitted)).

Finally, *Poulis* instructs district courts to consider the meritoriousness of the claim or defense.  For this inquiry, a court need only satisfy itself that "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 870.  Having reviewed the allegations of the Complaint, the Court is so satisfied.  Count I, styled "Action on Instrument" and alleging breach of contract, satisfies the requirements of notice pleading.  Count II, which alleges fraud and is therefore subject to the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure, sets forth the particulars of the alleged fraud such as "would accompany 'the first paragraph of any newspaper story'— that is, the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)).  Specifically, the Complaint alleges that Defendant executed and delivered the allegedly breached agreement "knowing he would be leaving the State of New Jersey to live in the People's Republic of China but not so

9

informing the plaintiff with the intention of thwarting any attempt by plaintiff to enforce the agreement." (Compl. ¶ 9.) After Defendant returned to the United States in 2002, the Complaint alleges, Plaintiff served a demand letter on Defendant, whereupon Defendant returned to reside in China. (*Id.* ¶ 10.) These allegations adequately set forth the particulars of the alleged fraud.

In sum, all six factors identified by *Poulis* weigh in favor of Plaintiff and call for the grant of default judgment against Defendant. Defendant has had ample opportunity to protect his interests in this action. Having chosen instead to ignore these proceedings, Defendant has left this Court with no other option than to grant a default judgment.

### III.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED on this 29th day of March, 2006, that now-retired Magistrate Judge Haneke's Report and Recommendation is ADOPTED and default judgment against Defendant is GRANTED pursuant to Rule 16(f) of the Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that an evidentiary hearing in this matter will be held on April 26, 2006 at 11:00 A.M. for the purpose of determining Plaintiff's damages, with each side being permitted fifteen (15) minutes for oral argument;

IT IS FURTHER ORDERED that by no later than April 17, 2006, Plaintiff and Defendant each shall file with this Court a legal brief of no more than twenty (20) pages setting forth their respective positions regarding the proper amount of damages, accompanied by appropriate certifications and/or affidavits and supported by documentary evidence.

Newark, New Jersey                                                       s/ Harold A. Ackerman, U.S.D.J.